ESTHER ROTHENBERG and JEROME ROTHENBERG, complainants-respondents,

*v.*

FRANKLIN WASHINGTON TRUST COMPANY, defendant-appellant, and FRANKLIN MORTGAGE AND TITLE GUARANTY COMPANY et al., defendant-respondent.

[Argued May 19th, 1944. Decided October 25th, 1944.]

*Mr. Bernard Mindes,* for the complainants-respondents.

*Mr. Milton M. Unger,* for the defendant-appellant Trust Company.

*Mr. Philip F. Fannan (Mr. Horace S. Bellfatto,* of counsel), for the defendant-respondent Mortgage Company.

*Mr. Harry Schaffer, pro se,* individually as appellant, and respondent as guardian *ad litem* of Samuel A. Rothenberg, Jr., an infant.

PER CURIAM.

This appeal is from parts of a decree of the Court of Chancery in proceedings for the recovery from the trust company,

trustee, and its affiliate mortgage company of any profits made by either of them arising out of the investing of trust funds of the estate of Samuel A. Rothenberg, deceased.

The determination of the court, as shown by the decree under review, was that no recovery was allowed because no profits of any kind had been made by either the trust company or the mortgage company in connection with the transactions in question.

The decree allowed the master to whom the matter had been referred the sum of $1,500 for his services and $170 for expenses and disbursements to be paid by the trust company and denied the applications for services or disbursements of Harry Schaffer, guardian *ad litem* for Samuel A. Rothenberg, Jr., an infant, *pro se* and of Milton M. Unger, solicitor for the trust company. The trust company, Mr. Schaffer and Mr. Unger appeal from the stated parts of the decree.

We conclude that the decree should be affirmed in assessing the allowance and disbursements to the master against the trust company and in refusing any allowance to Mr. Unger, solicitor for the trust company. We further conclude that the services performed by Mr. Schaffer on behalf of his ward were made in good faith and that the learned Vice-Chancellor erred in advising that no allowance be awarded him. He should have an allowance of $1,000 and disbursements of $9.98, same to be paid by the trustee from the *corpus* of the trust fund.

The decree will be modified accordingly.

*For modification*—THE CHIEF-JUSTICE, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 14.